IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| SAUER-DANFOSS (US) COMPANY, ) | |
| ) | C.A. No. 8:12-3435-HMH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| NIANZHU LUO, RUIYONG RUAN, ) | |
| GUORUI HYDRAULIC a/k/a GRH, ) | |
| JIANGSU GUORUI HYDRAULIC ) | |
| MACHINERY CO., LTD., and ) | |
| SHANGHAI GUORUI HYDRAULIC ) | |
| TECHNOLOGY CO., LTD., ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court upon the ex parte motion of Plaintiff Sauer-Danfoss (US) Company ("Sauer-Danfoss") for a Temporary Restraining Order to be issued against the Defendants Nianzhu Luo ("Luo"), Ruiyong Ruan ("Ruan"), Guorui Hydraulic a/k/a GRH ("Guorui"), Jiangsu Guorui Hydraulic Machinery Co., Ltd. ("JGHM"), and Shanghai Guorui Hydraulic Technology Co., Ltd. ("SGHT").

A temporary restraining order is a drastic remedy that serves an exceedingly narrow purpose. It exists only to preserve the status quo until a preliminary injunction hearing can be held. Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999). It may also be issued with or without notice to the party whose conduct is to be enjoined. Rule 65 of the Federal Rules of Civil Procedure governs the issuance of a temporary restraining order. Specifically, Rule 65(b)(1) provides as follows:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required .

Fed.R.Civ.P.65(b)(l). The standard for granting a request for a temporary restraining order and entering a preliminary injunction are identical. See, e.g., Commonwealth of Virginia v. Kelly, 29 F.3d 145, 147 (4th Cir. 1994) (applying preliminary injunction standard to a request for temporary restraining order). In order for such injunctive relief to be granted, the movant must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). All four requirements must be satisfied. Real Truth About Obama, Inc., v. Federal Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 130 S. Ct. 2371 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010). "When analyzing the irreparable harm element, there are two inquiries: 1) whether the plaintiff is indeed suffering actual and imminent harm; and 2) whether that harm is truly irreparable, or whether it can be remedied at a later time with money damages." First Quality Tissue SE, LLC v. Metso Paper USA, Inc., C/A No. 8:11-2457-TMC, 2011 WL 6122639, at *2 (D.S.C. Dec. 9, 2011) (unpublished) (citing Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir.1991)).

Sauer-Danfoss designs, manufactures, and markets products for the off-road/mobile equipment industry, including hydraulic valves, hydrostatic transmissions, open circuit piston pumps, open circuit gear pumps and motors, and low speed high torque motors. (Pl. Mem. Supp. TRO Ex. A (Daniel Giedd Aff. ¶ 3) and Ex. B (James Douglas Koch, Sr. Aff. ¶ 3).) In the complaint, Sauer-Danfoss alleges that Luo, a former employee of Sauer-Danfoss and independent contractor of Comatrol, a division of Sauer-Danfoss, misappropriated Sauer-Danfoss' confidential information, trade secrets, and patents and disclosed them to the other Defendants who utilized the information, thereby causing irreparable harm to Sauer-Danfoss.

The court held a hearing earlier today. In support of its motion, Sauer-Danfoss has submitted the affidavits of Daniel Giedd, Sauer-Danfoss' Human Resources Director; James Douglas Koch, Sr., Sauer-Danfoss' Product Engineering Team Leader for the Proportional Valve Group; Benjamin J. Schmitt, Sauer-Danfoss' Global Manager of Information Security and Compliance; and Ryan Kelch, a Global Information Security Specialist for Sauer-Danfoss.

The court has reviewed the Complaint, Sauer-Danfoss' motion for a temporary restraining order, and the memorandum filed in support thereof. The court is mindful of the procedural status of this case, and more importantly, that it has not yet had an opportunity to hear from the Defendants. However, upon the strength of the representations made by Sauer-Danfoss, the court is satisfied that Sauer-Danfoss is faced with the substantial risk of suffering irreparable harm by the Defendants' alleged misappropriation and use of its trade secrets if their conduct is not immediately enjoined. Further, Sauer-Danfoss has established a likelihood of success on the merits of the claims seeking injunctive relief.

In this case, the granting of a TRO is mandated because it appears from the evidence presented by Sauer-Danfoss that Luo provided trade secret information to the other Defendants in violation of his Agreement with Sauer-Danfoss, and that Guorui, JGHM and/or SGHT have utilized these trade secrets in developing and manufacturing "their own products for their own benefit and to compete against Sauer-Danfoss, to the detriment of Sauer-Danfoss." (Pl. Mem. Supp. TRO 22.)   Moreover, it appears that JGHM has applied for Chinese patents based on the misappropriated trade secrets.  Granting a temporary restraining order in this case also serves the public interest of protecting the rightful owners of trade secrets.

Consistent with Rule 65, "[t]he court may issue a . . . temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).  Upon due consideration, the court has determined that the amount of five thousand dollars ($5,000.00) shall be sufficient security, and that this amount shall be posted by Sauer-Danfoss forthwith.

As stated on the record during the hearing, Sauer-Danfoss attempted to notify Defendants of the hearing, but was unsuccessful.  The court is informed that Sauer-Danfoss effected service of the summons and complaint on an adult present at Luo's last known address and further left a telephonic message on the telephone believed to be Luo's regarding the time and place of the hearing.  However, no Defendants appeared at the hearing.

It is therefore

**ORDERED** that Luo is temporarily (1) enjoined from altering, erasing, deleting, destroying, or modifying any computer or computerized device with any internal or external

storage devices in his possession, custody, or control, or otherwise spoiling any evidence of his misappropriation of Sauer-Danfoss' Intellectual Property; (2) prohibited from using or disclosing Sauer-Danfoss' Intellectual Property, including all information contained in any documents Luo sent to his personal email address or otherwise communicated to Ruan, Guorui, JGHM and SGHT; and (3) prohibited from developing, marketing, selling or exercising any alleged ownership rights to the First and Second Chinese Patents, or any other products developed from Sauer-Danfoss' Intellectual Property. It is further

**ORDERED** that Ruan, Guorui, JGHM and SGHT are temporarily (1) enjoined from altering, erasing, deleting, destroying, or modifying any computer or computerized device with any internal or external storage devices in their possession, custody, or control, or otherwise spoiling any evidence of their possession of Sauer-Danfoss' Intellectual Property; (2) prohibited from using or disclosing Sauer-Danfoss' Intellectual Property, including all information contained in any documents Luo communicated to Ruan, Guorui, JGHM and SGHT; and (3) prohibited from developing, marketing, selling or exercising any alleged ownership rights to the First and Second Chinese Patents, or any other products developed from Sauer-Danfoss' Intellectual Property. It is further

**ORDERED** that the restrictions imposed herein shall remain in full force and effect until Plaintiff's motion for a preliminary injunction can be heard. The court will hold a hearing on the matter of the preliminary injunction on Tuesday, December 18, 2012, at 10:00 a.m. It is further

**ORDERED** that Sauer-Danfoss shall give security by executing a bond in the amount of Five Thousand Dollars ($5,000.00) or by depositing cash in said amount with the Clerk of Court as required by Rule 65(d) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

                                                                             s/Henry M. Herlong, Jr.
                                                                             Senior United States District Judge

Greenville, South Carolina
December 5, 2012
Entered at 4:30 p.m.