IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| SAUER-DANFOSS (US) COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NIANZHU LUO, RUIYONG RUAN, )<br>GUORUI HYDRAULIC a/k/a GRH, )<br>JIANGSU GUORUI HYDRAULIC )<br>MACHINERY CO., LTD., and )<br>SHANGHAI GUORUI HYDRAULIC )<br>TECHNOLOGY CO., LTD., )<br>)<br>Defendants. )<br>_____ ) | C/A No.:  8:12-cv-03435-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter is before the Court on the Joint Motion for Consent Order for Permanent Injunction submitted by Plaintiff Sauer-Danfoss (US) Company ("Sauer-Danfoss") and Defendant Nianzhu Luo ("Luo").  ECF No. 76.  The Court entered a Temporary Restraining Order in this matter on December 5, 2012.  ECF No. 8.  The hearing on Sauer-Danfoss' Motion for a Preliminary Injunction has been re-scheduled various times.  On March 26, 2013, based on the consent motion of Sauer-Danfoss and Luo, ECF No. 67, the Court entered an Order postponing the Preliminary Injunction hearing, staying the proceedings in this matter, and keeping the Temporary Restraining Order in effect pending service on all Defendants other than Luo.  ECF No. 68.  On September 17, 2013, the Court entered an Order scheduling the Preliminary Injunction hearing to take place on September 23, 2013.  ECF No. 73.  Also on September 17,

2013, the Court entered an Amended Order and Notice of Hearing rescheduling the hearing to take place on September 25, 2013.  ECF Nos. 74 & 75.

Sauer-Danfoss and Luo have conferred and now consent to permanent injunctive terms.  Sauer-Danfoss and Luo desire to avoid further litigation and have reached agreement, which is memorialized by this Consent Order.  This Consent Order constitutes a final judgment binding on Sauer-Danfoss and Luo, but does not impact Sauer-Danfoss' claims against the remaining defendants.  The parties agree that this Consent Order is fair, reasonable, and equitable, and does not violate the law or public policy.  In the interest of resolving this matter, the parties have agreed to the entry of this Consent Order.

Based on the consent of the parties, IT IS HEREBY ORDERED AND DECREED AS FOLLOWS:

## BACKGROUND INFORMATION

Defendant Luo and Plaintiff Sauer-Danfoss acknowledge the following factual background:

1.    Luo was hired by Sauer-Danfoss[1] on June 12, 1995.

2.    As a condition to obtaining full-time employment with Sauer-Danfoss, Luo entered into an Employee Patent and Confidential Information Agreement (the "Agreement") with Sauer-Danfoss on June 12, 1995, his first day of employment with Sauer-Danfoss.  *See* Exhibit A to the Motion for Permanent Injunction, ECF No. 76-2.

3.    The Agreement included a confidentiality clause that stated, in part:

---

[1] At the time of Luo's hire, Sauer-Danfoss was known as Sauer-Sundstrand. The company underwent a merger with Danfoss Fluid Power in 2000, resulting in Sauer-Danfoss

> I recognize that during my employment I will receive, develop, or otherwise acquire various kinds of information which are of a secret or confidential nature.  During and after my employment, except as authorized by the COMPANY, I will not disclose or use, directly or indirectly, any information I obtain during the course of my employment relating to inventions, products, product specifications, processes, software, procedures, machinery, apparatus, pricing, discounts, costs, business affairs, future plans, ideas, technical data or otherwise which is of a secret or confidential nature (whether or not acquired or developed by me) and which belongs to the COMPANY or to those with whom the COMPANY has contracted regarding such information.
>
> Upon termination of my employment for any reason, I agree to and shall promptly deliver to the COMPANY all drawings, blueprints, manuals, letters, notes, notebooks, reports and all other materials which have not been made public relating to the COMPANY's business and which are in my possession or under my control.

The information referred to in the first paragraph above and the items referred to in the second paragraph above shall hereafter be collectively referred to as "Confidential Information."

4.     In 2000, Luo was transferred to Sauer-Danfoss' Easley, South Carolina, facility, where he worked as a Senior Project Engineer.  As part of his duties, Luo worked on new products for Sauer-Danfoss, including hydraulic valves.

5.     In furtherance of these duties, Sauer-Danfoss granted Luo access to its Confidential Information.  Sauer-Danfoss has contended and contends that it also granted Luo access to its Trade Secrets (meaning information as defined in the South Carolina Trade Secrets Act, S.C. Code §§ 39-8-10, *et seq.*).

6.     Luo resigned from his employment with Sauer-Danfoss on September 3, 2010.

7.     Luo entered into an employment contract with Jiangsu Guorui Hydraulic Machinery Co., Ltd., on September 17, 2010, which contract expired on September 16, 2013.

## **TERMS**

In exchange for Sauer-Danfoss' dismissal of the claims brought against Luo with prejudice, **but not any claims against any other defendant**, in the lawsuit captioned, *Sauer Danfoss (US) Company v. Luo, et al.*, Civil Action No. 8:12-cv-3435 and release of Luo from liability from claims raised therein, Luo agrees to the entry of a Permanent Injunction and Order as specified below with the following terms:

a.     Luo is permanently prohibited from using or disclosing Sauer-Danfoss' Confidential Information and Trade Secrets (meaning information as defined in the South Carolina Trade Secrets Act, S.C. Code §§ 39-8-10, *et seq.*) owned by Sauer-Danfoss (collectively "Sauer-Danfoss' Intellectual Property") unless authorized by Sauer-Danfoss or by a court of competent jurisdiction;

b.     Luo is permanently prohibited from using or disclosing any of Sauer-Danfoss' Intellectual Property contained in any documents Luo sent to his personal email address or otherwise communicated to Ruiyong Ruan ("Ruan"), Guorui Hydraulic a/k/a GRH ("Guorui"), Jiangsu Guorui Hydraulic Machinery Co., Ltd. ("JGHM") and Shanghai Guorui Hydraulic Technology Co., Ltd. ("SGHT") unless authorized by Sauer-Danfoss or by a court of competent jurisdiction;

  c. Except as set forth in paragraph i, below, Luo is permanently prohibited from developing, marketing, selling or exercising any alleged ownership or any other rights to the following:

  i. Any patent resulting from the invention patent application (filing no. 201010613397.3) and utility model patent application (filing no. 201020688927.6) filed in China on December 30, 2010, listing Luo as an inventor (collectively, the "First Chinese Patent");

  ii. Any patent resulting from the invention patent application (filing no. 201110045574.7) and utility model patent application (filing no. 201120047632.5) filed in China on February 25, 2011 listing Luo as an inventor (collectively, the "Second Chinese Patent");

  iii. Any patent resulting from the utility model patent application (filing no. 201120283097.3) filed in China on August 5, 2011, listing Luo as an inventor (the "Third Chinese Patent"); or

  iv. Any other patent that has been or may be filed by Luo or by Ruan, Guorui, JGHM, or SGHT naming Luo as an inventor or co-inventor that uses or incorporates any of Sauer-Danfoss' Confidential Information or any of Sauer-Danfoss' other Intellectual Property.

  d. Luo is required to identify by name, address, phone, and email or other electronic contact identifier, any and all parties to whom he transferred any of Sauer-Danfoss' Intellectual Property, if any, and to describe the date of the transfer and the manner of transfer, electronic or otherwise;

e.  Luo is required to execute a certificate of authenticity with respect to the documents he has provided in response to Sauer-Danfoss' requests for production of documents, including the image of the electronic documents and data retrieved from his computer in the course of discovery, in the form included as Exhibit B to the Motion for Permanent Injunction.  ECF No. 76-3;

f.  Luo is required to return to Sauer-Danfoss all of Sauer-Danfoss' Intellectual Property, if any, in his possession, regardless of whether it is in printed or electronic form, including but not limited to all copies of all files containing any such information on any internal or external electronic storage device in Luo's custody or control, or in the custody or control of anyone overwhom Luo has control;

g.  Luo is required to return to Sauer-Danfoss all other Sauer-Danfoss property, materials, or documents in his possession, if any;

h.  Luo is required to provide Sauer-Danfoss with a full transfer or assignment of all rights, including, but not limited to, ownership rights and any rights to receive remuneration or royalties, if any, Luo has or may have in the First, Second, or Third Chinese Patents, or any other patent that has been or may be filed by Luo or by Ruan, Guorui, JGHM, or SGHT naming Luo as an inventor or co-inventor that uses or incorporates any of Sauer-Danfoss' Confidential Information or any of Sauer-Danfoss' other Intellectual Property;

i.  Luo is required to provide Sauer-Danfoss continued and, upon ten business days' notice, unrestricted access to the image of his personal computer made pursuant to discovery, subject to the requirement that such information shall be used

only for the limited purpose of pursuing legal relief against Ruan, Guorui, JGHM, and SGHT;

j.  Luo's counsel may retain copies of any documents or materials returned by Luo to Sauer-Danfoss so long as such documents or materials are maintained in a manner to reasonably protect against disclosure outside of counsel's law firm but shall return them to Sauer-Danfoss' counsel following the conclusion of legal proceedings against Ruan, Guorui, JGHM, and SGHT, and Sauer-Danfoss has completed enforcement of any judgment;

k.  To the extent allowed by law, Luo agrees to cooperate with Sauer-Danfoss' pursuit of legal relief against Ruan, Guorui, JGHM, and SGHT in the United States only, including, but not limited to, his participation in future depositions, if requested;

l.  Luo and Sauer-Danfoss agree that the stipulation of dismissal of the claims against Luo, as set forth in the form included as Exhibit C to the Motion for Permanent Injunction, ECF No. 76-4**,** shall be filed with the Court as soon as possible after the permanent injunction is entered; however, if Luo fails to complete the tasks set forth in paragraphs d., e., f., g., h., and i. within 60 days, Sauer-Danfoss will notify counsel for Luo and may, within 10 days thereafter if not cured, notify the Court of such suspected non-compliance, whereupon the Court, upon a finding of non-compliance, will enter an injunctive order requiring Luo, within 10 days, to complete such tasks and confirm to the Court his compliance with the Court's order;

m. Notwithstanding any provision herein, nothing herein is or shall be construed as an admission of any liability or wrongdoing by Luo.

n. This court shall retain jurisdiction over the Permanent Injunction and Order, even after entry of the stipulation of dismissal as to Luo.

o. Sauer-Danfoss and Luo shall bear their own costs and attorneys' fees for all matters leading up to and including the entry of this Consent Order.

**IT IS SO ORDERED.**

*[Signature]*

G. Ross Anderson, Jr.
Senior United States District Judge

September  24 , 2013
Anderson, South Carolina